UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF TEXAS

| | |
|---|---|
| ONE WORLD FOODS, INC., <br><br> Plaintiff, <br><br> v. <br><br> STUBBS AUSTIN RESTAURANT COMPANY LC, FBR MANAGEMENT LLC, MIKE FARR, MATT LUCKIE, and JEFF WAUGHTAL, <br><br> Defendants. | Case No. 1:15-CV-01071 <br><br> **COMPLAINT FOR FEDERAL TRADEMARK INFRINGEMENT AND FALSE DESIGNATION OF ORIGIN, COMMON LAW TRADEMARK INFRINGEMENT, AND DILUTION OF FAMOUS MARK UNDER TEXAS LAW** <br><br> **JURY TRIAL DEMANDED** |

One World Foods, Inc. ("Plaintiff") brings this action against Stubbs Austin Restaurant Company LC, Mike Farr, Matt Luckie, and Jeff Waughtal (collectively "Defendants") and alleges as follows:

## PARTIES

1. Plaintiff One World Foods, Inc. is a corporation organized under the laws of Delaware and having its principal place of business at 1219 West Sixth Street, Austin, Texas 78703. Plaintiff engages in the manufacture and sale of STUBB's barbecue sauces, rubs, and marinades and has offered and licensed others to offer prepared foods through STUBB's-branded restaurants, catering services, food stalls, and food trucks. Plaintiff's goods and services are marketed under Plaintiff's STUBB'S® trademarks (collectively, "Plaintiff's STUBB'S® Marks").

2. On information and belief, Defendant Stubb's Austin Restaurant Company, LC ("SARC") is a limited liability company organized under the laws of Texas doing business as "Stubb's Bar-B-Q" and having its principal place of business at 801 Red River Street, Austin, Texas 78701.

2149444v.1

1

3. On information and belief, Defendant FBR Management LLC ("FBR") is a limited liability company organized under the laws of Texas having its principal place of business at 801 Springdale Rd, Austin, TX 78702. On information and belief, Defendant FBR owns a tavern called Lala's Little Nugget, located at 2207 Justin Lane, Austin, Texas 78757.

4. On information and belief, Defendants Mike Farr, Matt Luckie, and Jeff Waughtal operate a mixed restaurant and retail venture called Graceland Grocery, located at 8600 Hwy 290 West, Austin, Texas 78736, which includes a barbecue restaurant called Stubb's Bar-B-Q at Graceland Grocery.

## JURISDICTION AND VENUE

5. This Court has subject matter jurisdiction over this action pursuant to 15 U.S.C. § 1121 (action arising under the Lanham Act); 28 U.S.C. § 1331 (federal question jurisdiction); 28 U.S.C. § 1338(a) (any Act of Congress relating to trademarks); and 28 U.S.C. § 1367 (supplemental jurisdiction).

6. Defendants are subject to personal jurisdiction in this District because (a) Defendant SARC is a company organized under the laws of the State of Texas and has its principal place of business in Texas, and (b) on information and belief, Defendants conduct business transactions within this District and such conduct has caused injury to Plaintiff in this District.

7. Venue is proper in this district pursuant to 28 U.S.C. § 1391(b)(2) because Defendants' transactions in this District constitute a substantial part of the events giving rise to Plaintiff's complaint. Furthermore, Plaintiff has suffered harm in this District and the Lanham Act provides that venue lies in the place of harm to the plaintiff.

## GENERAL ALLEGATIONS

### Plaintiff's Business

8. Plaintiff, doing business as "Stubb's Legendary Kitchen," was founded in 1991, when

2

2149444v.1

its predecessor acquired all intellectual property interests owned by famed Texas barbecue restauranteur C.B. "Stubb" Stubblefield, including recipes, processes, techniques, practices, sauces and products, names, rights, trademarks, copyrights, and patents. In 1992, Plaintiff began selling barbecue sauces, marinades, cassette cookbooks and apparel under the STUBB'S name. Today, Plaintiff manufactures and sells a full range of barbecue sauces, rubs and marinades under the STUBB'S brand throughout the United States.

9. Plaintiff has invested substantial effort and resources in developing and promoting its products and services under various STUBB'S® trademarks, and is now the leading premium barbecue sauce in the United States, with up to $30 million in projected sales for 2015, and an expected double-digit growth rate for the next several years.

10. Plaintiff owns the considerable and valuable goodwill associated with the STUBB'S Marks, which have attracted an enthusiastic and loyal consumer base. Plaintiff intends to expand and exploit this goodwill through increased retail distribution and the introduction of innovative flavors.

11. Plaintiff's STUBB'S® Marks are distinctive, and are famous within the State of Texas as a designation of the source of Plaintiff's goods and services.

**Plaintiff's Intellectual Property**

12. Plaintiff is the owner of numerous registrations and trademarks for its STUBB'S Marks, including but not limited to the following U.S. Registered marks:

13. Plaintiff owns U.S. Registration No. 3,122,375 for the STUBB'S® word mark for "meat sauces and marinades, chili powder, hot pepper powder and other spicy powders containing salt, black pepper, paprika, ginger, mustard flour and lime powder" in International Class 30, with a claimed first use in commerce date of December 1, 1990, and "restaurant services and catering" in International Class 43, with a claimed first use in commerce date of December 31, 1968. The

application to register the STUBB'S® mark as shown in U.S. Registration No. 3,122,375 was filed on July 19, 2004. On May 25, 2012, Plaintiff filed an affidavit under Section 15 of the Lanham Act claiming incontestability for U.S. Registration No. 3,122,375. The Section 15 affidavit was acknowledged by the U.S. Patent and Trademark Office ("USPTO") on June 6, 2012. Accordingly, Plaintiff's rights in the STUBB'S® mark registered in U.S. Registration No. 3,122,375 are considered incontestable. Attached hereto as Exhibit A is a true and correct copy of the registration certificate for U.S. Registration No. 3,122,375.

14. Plaintiff owns U.S. Registration No. 3,275,845 for the STUBB'S® word mark for "meat" in International Class 29, with a claimed first use in commerce date of February 6, 2007. The application to register the STUBB'S® mark as shown in U.S. Registration No. 3,275,845 was filed on February 7, 2005. On August 29, 2013, Plaintiff filed an affidavit under Section 15 of the Lanham Act claiming incontestability for U.S. Registration No. 3,275,845. The Section 15 affidavit was acknowledged by the USPTO on May 29, 2013. Accordingly, Plaintiff's rights in the STUBB'S® mark registered in U.S. Registration No. 3,275,845 are considered incontestable. Attached hereto as Exhibit B is a true and correct copy of the registration certificate for U.S. Registration No. 3,275,845.

15. Plaintiff owns U.S. Registration No. 3,572,397 for the STUBB'S® word mark for "prepared meats, poultry and game; marinated meats, poultry and game; processed meats, poultry and game; packaged meats, poultry and game; cooked and smoked meats, and barbeque meats; jerky; sausages; preserved meats" in International Class 29, with a claimed first use in commerce date of October 31, 2006. The application to register the STUBB'S® word mark as shown in U.S. Registration No. 3,572,397 was filed on July 2, 2008. On February 6, 2015, Plaintiff filed an affidavit under Section 15 of the Lanham Act claiming incontestability for U.S. Registration No. 3,572,397. The Section 15 affidavit was acknowledged by the USPTO on February 21, 2015.

2149444v.1

Accordingly, Plaintiff's rights in the STUBB'S® mark registered in U.S. Registration No. 3,572,397 are considered incontestable. Attached hereto as Exhibit C is a true and correct copy of the registration certificate for U.S. Registration No. 3,572,397.

16. Plaintiff owns U.S. Registration No. 3,576,100 for the STUBB'S® word mark for "entertainment venue services, namely, providing facilities for movies, shows, plays, or music; music halls; providing facilities for music; entertainment services, namely production of live musical performances; entertainment in the nature of theater productions; entertainment in the nature of live musical performances; music production; entertainment services, namely, providing pre-recorded music on-line via a global computer network" in International Class 41, with a claimed first use in commerce date of March 15, 1995. The application to register the STUBB'S® mark as shown in U.S. Registration No. 3,576,100 was filed on July 29, 2008. On August 12, 2015, Plaintiff filed an affidavit under Section 15 of the Lanham Act claiming incontestability for U.S. Registration No. 3,576,100. The Section 15 affidavit was acknowledged by the USPTO on September 14, 2015. Accordingly, Plaintiff's rights in the STUBB'S mark registered in U.S. Registration No. 3,576,100 are considered incontestable. Attached hereto as Exhibit D is a true and correct copy of the registration certificate for U.S. Registration No. 3,576,100.

17. Plaintiff owns U.S. Registration No. 3,685,090 for the STUBB'S® Design mark for "prepared meats, poultry and game; marinated meats, poultry and game; processed meats, poultry and game; packaged meats, poultry and game; cooked and smoked meats, and barbeque meats; jerky; sausages; preserved meats" in International Class 29, with a claimed first use in commerce date of October 31, 2006. The application to register the STUBB'S® mark as shown in U.S. Registration No. 3,685,090 was filed on July 29, 2008. On February 11, 2015, Plaintiff filed an affidavit under Section 15 of the Lanham Act claiming incontestability for U.S. Registration No.

5

2149444v.1

3,685,090. The Section 15 affidavit was acknowledged by the USPTO on February 26, 2015. Accordingly, Plaintiff's rights in the STUBB'S® mark registered in U.S. Registration No. 3,685,090 are considered incontestable. Attached hereto as Exhibit E is a true and correct copy of the registration certificate for U.S. Registration No. 3,685,090.

18. Plaintiff owns U.S. Registration No. 3,811,847 for the STUBB'S® Design mark for "sauces; barbeque sauces; sauces for meats, poultry, and fish; marinades; spice rubs; dry spice rubs for meats, poultry, and fish; barbeque dry rubs; condiments, namely, dipping sauces, hot sauces, pepper sauces; smoking sauces for meats, poultry, and fish" in International Class 30, with a claimed first use in commerce date of June 30, 1999. The application to register the STUBB'S® mark as shown in U.S. Registration No. 3,811,847 was filed on April 2, 2009. Attached hereto as Exhibit F is a true and correct copy of the registration certificate for U.S. Registration No. 3,811,847.

19. Plaintiff owns U.S. Registration No. 3,888,467 for the STUBB'S® word mark for "charcoal for cooking and cooking fuel" in International Class 4, with a claimed first use in commerce date of March 31, 2008. The application to register the STUBB'S® mark as shown in U.S. Registration No. 3,888,467 was filed on October 20, 2008. Attached hereto as Exhibit G is a true and correct copy of the registration certificate for U.S. Registration No. 3,888,467.

20. Plaintiff owns U.S. Registration No.3,895,883 for the STUBB'S® word mark for "meat-based snack foods" in International Class 29, with a claimed first use in commerce date of July 31, 2008. The application to register the STUBB'S® mark as shown in U.S. Registration No. 3,895,883 was filed on October 20, 2008. Attached hereto as Exhibit H is a true and correct copy of the registration certificate for U.S. Registration No. 3,895,883.

21. Plaintiff also owns U.S. Registration No.3,960,287 for the STUBB'S® word mark for "restaurant and catering services; restaurant and catering services featuring specialized barbecue,

2149444v.1

provided in a venue featuring live music" in International Class 43, with a claimed first use in commerce date of December 31, 1968. The application to register the STUBB'S® mark as shown in U.S. Registration No. 3,960,287 was filed on July 2, 2008. Attached hereto as Exhibit I is a true and correct copy of the registration certificate for U.S. Registration No. 3,960,287.

22. Additionally, Plaintiff owns U.S. Registration No. 4,077,441 for the STUBB'S® Design mark for "restaurant and bar services; food and beverage catering services; restaurant and catering services which provide food and beverages; restaurant and catering services which provide barbeque meats, foods and beverages" in International Class 43, with a claimed first use in commerce date of January 31, 1995. The application to register the STUBB'S® mark as shown in U.S. Registration No. 4,077,441 was filed on April 2, 2009. Attached hereto as Exhibit J is a true and correct copy of the registration certificate for U.S. Registration No. 4,077,441.

23. Plaintiff also owns U.S. Registration No. 4,099,333 for the STUBB'S® Design mark for "entertainment services, namely, theatrical and musical floor shows provided at performance venues, music halls; music production services; live musical concerts; presentation of live show performances; providing facilities for concerts and live music performances; entertainment services, namely, production of live music performances, movies, musical shows or plays" in International Class 41, with a claimed first use in commerce date of November 30, 2006. The application to register the STUBB'S® mark as shown in U.S. Registration No. 4,099,333 was filed on October 20, 2008. Attached hereto as Exhibit K is a true and correct copy of the registration certificate for U.S. Registration No. 4,099,333.

2149444v.1

24. Through substantial use and promotion of its STUBB'S® Marks since at least as early as December 31, 1968, Plaintiff has also acquired common law rights in the STUBB'S® Marks.

### Defendants' Business and Wrongful Conduct

25. As early as 1996, Plaintiff granted an oral license (hereafter "the License") to Defendant SARC to operate a barbecue restaurant under the name Stubb's Bar-B-Q, at 801 Red River Street, Austin, Texas 78701 (hereafter "Stubb's Red River St."), and to offer for sale related clothing, souvenirs, and memorabilia. The License further permitted Defendant SARC to offer catering services using STUBB'S® Marks at a nearby honky-tonk themed bar called Mean Eyed Cat, located at 1621 West 5th Street, Austin, Texas 78703. The License between Plaintiff and Defendant SARC is limited to restaurant services (and the sale of related memorabilia and merchandise) at Stubb's Red River St. and catering services at Mean Eyed Cat.

26. On information and belief, Defendants recently began offering restaurant services using the STUBB'S® Marks at a location called Stubb's Bar-B-Q at Graceland Grocery (hereafter "Stubb's at Graceland Grocery") at 8600 US-290 West, Austin, Texas 78736. On information and belief, Stubb's at Graceland Grocery is a full-service barbecue restaurant located on the back patio of a property called Graceland Grocery, which also includes a coffee shop and a convenience store.

27. On information and belief, Defendants use STUBB'S® Marks throughout Stubb's at Graceland Grocery, including but not limited to a prominent road sign that reads "Stubb's at Graceland Grocery," a sandwich board chalk menu, paper menus, disposable beverage containers, and various food wrappings. On information and belief, Defendants also use STUBB'S® Marks inside the property's convenience store, at a self-serve station offering STUBB'S® ready-made breakfast burritos.

2149444v.1

28. On information and belief, Defendants represent Stubb's at Graceland Grocery as an expansion of the restaurant services offered at Stubb's Red River St. Namely, Defendant SARC's online webpage for Stubb's Red River St. (www.stubbsaustin.com) features an announcement inviting customers to "stop in and check out our newest location at 8600 Hwy 290W Austin TX 78735." Below this text is a hyperlink for "Stubb's Bar-B-Q Graceland Grocery," which directs the user to a Facebook page for "Stubb's Bar-B-Q at Graceland Grocery Barbecue Restaurant." The Facebook page also represents Stubb's at Graceland Grocery as "Stubb's Bar-B-Q's newest location."

29. On information and belief, in or about September 2015, Defendants FBR and/or Jeff Waughtal and Matt Luckie purchased a tavern called Lala's Little Nugget, located at 2207 Justin Lane, Austin, Texas 78757. On information and belief, Defendants plan to offer restaurant and/or catering services at Lala's Little Nugget using the STUBB'S® Marks.

30. On information and belief, Defendants knew of Plaintiff's prior rights in its STUBB'S® Marks and disregarded those rights when Defendants adopted the STUBB'S® Marks for use at Stubb's at Graceland Grocery and Lala's Little Nugget.

### Harm to Plaintiff and Plaintiff's Marks

31. On information and belief, the restaurant services offered at Defendants' Stubb's at Graceland Grocery and Lala's Little Nugget are or will be closely related and complementary to the goods and services offered under Plaintiff's STUBB'S® Marks.

32. On information and belief, Defendants' customers at Stubb's at Graceland Grocery and Lala's Little Nugget are likely to consist or likely will consist of many of the same customers who are already familiar with the goods and services offered under Plaintiff's STUBB'S® Marks.

33. On information and belief, Defendants' unauthorized use of Plaintiff's STUBB'S® Marks has caused and will likely continue to cause confusion or mistake or deception, now and in

2149444v.1

the future, as to the origin, source, or sponsorship of Defendants' restaurant services.

34. Defendants' use and promotion of the STUBB'S® Marks at Stubb's at Graceland Grocery and Lala's Little Nugget has resulted in and will continue to result in incalculable harm to Plaintiff because of a likelihood of confusion among customers and injury to Plaintiff's reputation.

35. Defendants' conduct is continuing and will continue unless restrained by the Court. Unless Defendants are enjoined from engaging in the wrongful conduct described above, Plaintiff will suffer irreparable injury and further harm. Plaintiff has no adequate remedy at law.

## CLAIMS FOR RELIEF

### CLAIM 1 – TRADEMARK INFRINGEMENT UNDER 15 U.S.C. § 1114

36. Plaintiff repeats and realleges each allegation set forth in paragraphs 1 through 35 above as if fully set forth herein.

37. The acts of Defendants described above constitute trademark infringement in violation of Section 32 of the Lanham Act, 15 U.S.C. § 1114.

38. Plaintiff has valid and protectable registered rights in the STUBB'S® Marks since substantially prior to Defendants' first use of the STUBB'S® Marks to promote restaurant services at Stubb's at Graceland Grocery and Lala's Little Nugget.

39. On information and belief, Defendants had actual knowledge of Plaintiff's ownership and use of the STUBB'S® Marks prior to Defendants' adoption and use of the STUBB'S® Marks in connection with Stubb's at Graceland Grocery and Lala's Little Nugget.

40. Plaintiff has not authorized Defendants to use the STUBB'S® Marks in connection with Stubb's at Graceland Grocery, Lala's Little Nugget, or for any use other than those restaurant and catering services authorized by the License.

2149444v.1

41. Defendants' unauthorized use and promotion of the STUBB'S® Marks are likely to cause confusion, mistake, or deception on the part of consumers as to the source, nature, and quality of the services Defendants are promoting or offering under the STUBB'S® Marks, constituting trademark infringement in violation of 15 U.S.C. § 1114.

42. As a direct and proximate result of Defendants' wrongful conduct, Plaintiff has been, is now, and will be irreparably injured and damaged by Defendants' aforementioned acts, and unless Defendants are enjoined by the Court, Plaintiff will suffer further harm to its name, reputation, and goodwill. This harm constitutes an injury for which Plaintiff has no adequate remedy at law.

43. On information and belief, Defendants have acted willfully to usurp Plaintiff's rights, and Defendants should be held liable to Plaintiff for treble damages and attorneys' fees pursuant to 15 U.S.C. § 1117(a).

**CLAIM 2 – FALSE DESIGNATION OF ORIGIN UNDER 15 U.S.C. § 1125(a)**

44. Plaintiff repeats and realleges each allegation set forth in paragraphs 1 through 43 above as if fully set forth herein.

45. The acts of Defendants described above constitute unfair competition and false designation of origin in violation of Section 43(a) of the Lanham Act, 15 U.S.C. § 1125(a).

46. Plaintiff has valid and protectable rights in the STUBB'S® Marks since substantially prior to Defendants' first use of the STUBB'S® Marks at Stubb's at Graceland Grocery and Lala's Little Nugget.

47. On information and belief, Defendants had actual knowledge of Plaintiff's ownership and use of the STUBB'S® Marks prior to Defendants' adoption and use of the STUBB'S® Marks at Stubb's at Graceland Grocery and Lala's Little Nugget.

11

2149444v.1

48. Plaintiff has not authorized Defendants to use the STUBB'S® Marks at Stubb's at Graceland Grocery, Lala's Little Nugget, or for any use other than those restaurant and catering services authorized by the License.

49. Defendants' unauthorized use and promotion of the STUBB'S® Marks are likely to cause consumers to believe that there is a relationship between Defendants' unauthorized restaurant and/or catering services and Plaintiff and/or that Defendants' unauthorized restaurant and/or catering services are associated with or come from Plaintiff and such association constitutes false designation of origin, in violation of 15 U.S.C. § 1125(a).

50. As a direct and proximate result of Defendants' wrongful conduct, Plaintiff has been, is now, and will be irreparably injured and damaged by Defendants' aforementioned acts, and unless Defendants are enjoined by the Court, Plaintiff will suffer further harm to its name, reputation, and goodwill. This harm constitutes an injury for which Plaintiff has no adequate remedy at law.

51. On information and belief, Defendants have acted willfully to usurp Plaintiff's rights, and Defendants should be held liable to Plaintiff for treble damages and attorneys' fees pursuant to 15 U.S.C. § 1117(a).

### CLAIM 3 – DILUTION OF A FAMOUS MARK UNDER TEX. BUS. & COM. CODE §§ 16.103 *et seq.*

52. Plaintiff repeats and alleges each allegation set forth in paragraphs 1 through 51 above as if fully set forth herein.

53. The acts of Defendants described above constitute dilution of a famous mark under Texas Business & Commerce Code § 16.103 *et seq.*

54. Plaintiff's STUBB'S Marks are famous and distinctive within the State of Texas.

55. Defendants' unauthorized use of Plaintiff's STUBB'S® Marks at Graceland Grocery and Lala's Little Nugget occurred after Plaintiff's STUBB'S® Marks became famous.

2149444v.1

56. Defendants' unauthorized commercial use of Plaintiff's STUBB'S® Marks is likely to cause the dilution of Plaintiff's famous STUBB'S® Marks.

57. On information and belief, Defendants' unauthorized use of Plaintiff's STUBB'S® Marks was committed with knowledge of Plaintiff's STUBB'S Marks® and/or in bad faith.

## CLAIM 4 – COMMON LAW TRADEMARK INFRINGEMENT

58. Plaintiff repeats and alleges each allegation set forth in paragraphs 1 through 57 above as if fully set forth herein.

59. The acts of Defendants described above constitute trademark infringement in violation of the common law of the State of Texas.

60. Plaintiff's STUBB'S Marks are eligible for protection.

61. Plaintiff's use of and rights in its STUBB'S Marks predate Defendants' unauthorized use of the STUBB'S Marks.

62. Defendants' unauthorized use and promotion of the STUBB'S Marks is likely to cause confusion, mistake, or deception on the part of consumers as to the source, nature, and quality of the services Defendants are promoting or offering under the STUBB'S Marks.

63. The likelihood of confusion will cause irreparable injury for which there is no adequate legal remedy.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff prays for relief as follows:

1. That judgment be entered in favor of Plaintiff and against Defendants on each and every Claim of this Complaint;

2. For entry of an order and judgment requiring that Defendants and their officers, agents, servants, employees, owners, and representatives, and all other persons, firms, or corporations in active concert or participation with them, be enjoined during the pendency of this

2149444v.1

action and permanently thereafter from (a) using in a manner inconsistent with the License, any mark that wholly incorporates the STUBB'S® Marks, or any mark that is confusingly similar to or a colorable imitation of the STUBB'S® Marks; (b) doing any act or thing calculated or likely to cause confusion or mistake in the minds of the members of the public or prospective customers as to the source of the services offered by Defendants at Stubb's at Graceland Grocery, Lala's Little Nugget, or any other unauthorized location, or likely to confuse members of the public, or prospective customers, into believing that there is some connection between Plaintiff and Defendants' unauthorized restaurant and/or catering services at Stubb's at Graceland Grocery, Lala's Little Nugget, or any other unauthorized location; (c) otherwise competing unfairly with Plaintiff in any manner; or (d) assisting, aiding or abetting any other person or business entity in engaging in or performing any of the activities referred to in parts (a) through (c) of this paragraph 2.

3. For entry of an order and judgment directing Defendants, pursuant to 15 U.S.C. § 1116(a), to file with this Court and serve upon Plaintiff within thirty (30) days after entry of the injunction, a report in writing under oath setting forth in detail the manner and form in which Defendants have complied with the injunction and ceased all offering of services under the STUBB'S® Marks at Stubb's at Graceland Grocery, Lala's Little Nugget, or any other unauthorized location, as set forth above;

4. For entry of an order and judgment directing Defendants, pursuant to 15 U.S.C. § 1118, to deliver up for destruction, or to show proof of said destruction or sufficient modification to eliminate the infringing matter, all signage, menus, letterhead, business cards, promotional items, clothing, literature, or other matter in the possession, custody, or under the control of Defendants or their agents referring to Stubb's at Graceland Grocery, Lala's Little Nugget, or any other unauthorized location;

2149444v.1

14

5. For a judgment in the aggregate amount of (a) Defendants' profits, (b) Plaintiff's actual damages, (c) and the costs of this action pursuant to 15 U.S.C. § 1117;

6. That the Court award enhanced damages under 15 U.S.C. § 1117;

7. That the Court award Plaintiff reasonable attorneys' fees; and

8. That the Court grant such other and further relief as it deems just and proper.

Dated: November 25, 2015

          WILSON, ELSER, MOSKOWITZ, EDELMAN & DICKER LLP

By: _/s/ Lawrence A. Waks_

LAWRENCE A. WAKS
State Bar No. 20670700
lawrence.waks@wilsonelser.com
AMANDA N. HARVEY
State Bar No 24046038
amanda.harvey@wilsonelser.com
901 Main Street, Suite 4800
Dallas, Texas 75202
(214) 698-8000
(214) 698-1101 Facsimile

Attorneys for Plaintiff
ONE WORLD FOODS, INC.

2149444v.1

## DEMAND FOR JURY TRIAL

Plaintiff hereby demands trial by jury of all issues so triable under the law as provided by Rule 38(a) of the Federal Rules of Civil Procedure.

Dated: November 25, 2015

WILSON, ELSER, MOSKOWITZ,
EDELMAN & DICKER LLP

By: _____

LAWRENCE A. WAKS
State Bar No. 20670700
lawrence.waks@wilsonelser.com
AMANDA N. HARVEY
State Bar No 24046038
amanda.harvey@wilsonelser.com
901 Main Street, Suite 4800
Dallas, Texas 75202
(214) 698-8000
(214) 698-1101 Facsimile

Attorneys for Plaintiff
ONE WORLD FOODS, INC.

2149444v.1