IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

| | | |
|---|---|---|
| ONE WORLD FOODS, INC., | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | CIVIL ACTION NO. 1:15-cv-01071-SS |
| | § | |
| STUBB'S AUSTIN RESTAURANT | § | |
| COMPANY LC, FBR MANAGEMENT, | § | |
| LLC, MIKE FARR, MATT LUCKIE, and | § | |
| JEFF WAUGHTAL, | § | |
| | § | |
| Defendants. | § | |

## DEFENDANTS' ANSWER AND COUNTERCLAIMS

Defendants Stubb's Austin Restaurant Company LC, FBR Management, LLC, Mike Farr,
Matt Luckie, and Jeff Waughtal, by and through their attorneys, hereby submit their Answer and
Counterclaims to Plaintiff One World Foods, Inc.'s Complaint as follows:

### PARTIES

1.      Defendants admit that Plaintiff has sold barbecue sauce, rubs, and marinades
under the mark STUBB'S. Defendants are without knowledge or information sufficient to form a
belief as to the truth of the remaining allegations in paragraph 1 of Plaintiff's Complaint, and
therefore deny them.

2.      Admitted.

3.      Defendants admit that FBR Management LLC is a Texas limited liability
company having a principal place of business at 801 Springdale Road, Austin, Texas 78702.
Defendants deny the remaining allegations in paragraph 3 of Plaintiff's Complaint.

4.      Denied.

## JURISDICTION AND VENUE

5.      Defendants admit that this Court has subject matter jurisdiction under the specified statutes, but deny any implication that the action has merit.

6.      Defendants admit that they are subject to personal jurisdiction in this District, but deny any implication that the action has merit.

7.      Defendants admit that venue is proper in this judicial district, but deny any implication that the action has merit.

## GENERAL ALLEGATIONS

8.      Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 8 of Plaintiff's Complaint, and therefore deny them.

9.      Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 9 of Plaintiff's Complaint, and therefore deny them.

10.      Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 10 of Plaintiff's Complaint, and therefore deny them.

11.      Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 11 of Plaintiff's Complaint, and therefore deny them.

12.      Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 12 of Plaintiff's Complaint, and therefore deny them.

13.      Defendants admit that Plaintiff is listed as the owner of U.S. Reg. No. 3,122,375 in the United States Patent and Trademark Office's records, but deny that Plaintiff is the proper owner (as to Class 43) and deny that a copy of the registration certificate for U.S. Reg. No. 3,122,375 is attached to Plaintiff's Complaint. Paragraph 13 also contains conclusions of law to which no response is required. However, to the extent, if any, that a response is required,

Defendants are without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in paragraph 13 of Plaintiff's Complaint, and therefore deny them.

14.     Defendants admit that Plaintiff is listed as the owner of U.S. Reg. No. 3,275,845 in the United States Patent and Trademark Office's records, but deny that a copy of the registration certificate for U.S. Reg. No. 3,275,845 is attached to Plaintiff's Complaint. Paragraph 14 also contains conclusions of law to which no response is required. However, to the extent, if any, that a response is required, Defendants are without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in paragraph 14 of Plaintiff's Complaint, and therefore deny them.

15.     Defendants admit that Plaintiff is listed as the owner of U.S. Reg. No. 3,572,397 in the United States Patent and Trademark Office's records, but deny that a copy of the registration certificate for U.S. Reg. No. 3,572,397 is attached to Plaintiff's Complaint. Paragraph 15 also contains conclusions of law to which no response is required. However, to the extent, if any, that a response is required, Defendants are without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in paragraph 15 of Plaintiff's Complaint, and therefore deny them.

16.     Defendants admit that Plaintiff is listed as the owner of U.S. Reg. No. 3,576,100 in the United States Patent and Trademark Office's records, but deny that Plaintiff is the proper owner and deny that a copy of the registration certificate for U.S. Reg. No. 3,576,100 is attached to Plaintiff's Complaint. Paragraph 16 also contains conclusions of law to which no response is required. However, to the extent, if any, that a response is required, Defendants are without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in paragraph 16 of Plaintiff's Complaint, and therefore deny them.

17.     Defendants admit that Plaintiff is listed as the owner of U.S. Reg. No. 3,685,090 in the United States Patent and Trademark Office's records, but deny that a copy of the registration certificate for U.S. Reg. No. 3,685,090 is attached to Plaintiff's Complaint. Paragraph 17 also contains conclusions of law to which no response is required. However, to the extent, if any, that a response is required, Defendants are without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in paragraph 17 of Plaintiff's Complaint, and therefore deny them.

18.     Defendants admit that Plaintiff is listed as the owner of U.S. Reg. No. 3,811,847 in the United States Patent and Trademark Office's records, but deny that a copy of the registration certificate for U.S. Reg. No. 3,811,847 is attached to Plaintiff's Complaint. Defendants are without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in paragraph 18 of Plaintiff's Complaint, and therefore deny them.

19.     Defendants admit that Plaintiff is listed as the owner of U.S. Reg. No. 3,888,467 in the United States Patent and Trademark Office's records, but deny that a copy of the registration certificate for U.S. Reg. No. 3,888,467 is attached to Plaintiff's Complaint. Defendants are without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in paragraph 19 of Plaintiff's Complaint, and therefore deny them.

20.     Defendants admit that Plaintiff is listed as the owner of U.S. Reg. No. 3,895,883 in the United States Patent and Trademark Office's records, but deny that a copy of the registration certificate for U.S. Reg. No. 3,895,883 is attached to Plaintiff's Complaint. Defendants are without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in paragraph 20 of Plaintiff's Complaint, and therefore deny them.

21.     Defendants admit that Plaintiff is listed as the owner of U.S. Reg. No. 3,960,287 in the United States Patent and Trademark Office's records, but deny that Plaintiff is the proper owner and deny that a copy of the registration certificate for U.S. Reg. No. 3,960,287 is attached to Plaintiff's Complaint. Defendants are without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in paragraph 21 of Plaintiff's Complaint, and therefore deny them.

22.     Defendants admit that Plaintiff is listed as the owner of U.S. Reg. No. 4,077,441 in the United States Patent and Trademark Office's records, but deny that Plaintiff is the proper owner and deny that a copy of the registration certificate for U.S. Reg. No. 4,077,441 is attached to Plaintiff's Complaint. Defendants are without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in paragraph 22 of Plaintiff's Complaint, and therefore deny them.

23.     Defendants admit that Plaintiff is listed as the owner of U.S. Reg. No. 4,099,333 in the United States Patent and Trademark Office's records, but deny that Plaintiff is the proper owner and deny that a copy of the registration certificate for U.S. Reg. No. 4,099,333 is attached to Plaintiff's Complaint. Defendants are without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in paragraph 23 of Plaintiff's Complaint, and therefore deny them.

24.     Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 24 of Plaintiff's Complaint, and therefore deny them.

25.     Denied.

26.     Defendants admit that Gas Pumpers, Ltd. recently opened a music venue known as Graceland Grocery in Austin, Texas. Gas Pumpers, Ltd. allows Stubbs Austin Restaurant

Company, LC to serve lunch and dinner under the mark STUBB'S in the picnic area behind Graceland Grocery, as well as breakfast under the mark STUBB'S inside Graceland Grocery. Defendants deny the remaining allegations in paragraph 26 of Plaintiff's Complaint.

27.     Defendants admit that Stubb's Austin Restaurant Company, LC uses the mark STUBB'S at the Stubb's Bar-B-Q at Graceland Grocery, including on a sign that reads "STUBB'S BAR-B-Q AT GRACELAND GROCERY" and on other materials, such as menus, food wrappings, and a self-serve station inside Graceland Grocery. Defendants deny the remaining allegations in paragraph 27 of Plaintiff's Complaint.

28.     Defendants admit that stubbsaustin.com features this announcement: "Stop in and check out our new location at 8600 Hwy 290W Austin TX 78735." Defendants further admit that the hyperlink below the announcement directs users to the "Stubb's Bar-B-Q at Graceland Grocery" Facebook page, which states: "Stubb's Bar-B-Q announces newest location in Oak Hill area of Austin, TX." Defendants deny the remaining allegations in paragraph 28 of Plaintiff's Complaint.

29.     Defendants admit that C.F. Lala, Ltd. purchased Lala's Little Nugget in September 2015 and that C.F. Lala, Ltd. plans to allow Stubb's Austin Restaurant Company, LC to serve barbecue under the STUBB'S mark at Lala's Little Nugget.  Defendants deny the remaining allegations in paragraph 29 of Plaintiff's Complaint.

30.     Denied.

31.     Denied.

32.     Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 32 of Plaintiff's Complaint, and therefore deny them.

33.     Denied.

34.     Denied.

35.     Defendant Stubb's Austin Restaurant Company, LC admits that its use of the mark STUBB'S for restaurant, catering, entertainment, live music, and related services is continuing, but Defendants deny that such use is unauthorized or infringes any valid trademark rights owned by Plaintiff.   Defendants deny the remaining allegations in paragraph 35 of Plaintiff's Complaint.

## CLAIMS FOR RELIEF

### ANSWER TO CLAIM 1 – TRADEMARK INFRINGEMENT UNDER 15 U.S.C. § 1114

36.     Defendants incorporate their responses above as if fully set forth herein.

37.     Denied.

38.     Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 38 of Plaintiff's Complaint, and therefore deny them.

39.     Defendants admit that Plaintiff sold barbecue sauce, rubs, and marinades under the mark STUBB'S prior to Defendant Stubb's Austin Restaurant Company, LC's use of the mark STUBB'S for restaurant services at Graceland Grocery. Defendants deny the remaining allegations in paragraph 39 of Plaintiff's Complaint.

40.     Denied.

41.     Denied.

42.     Denied.

43.     Denied.

### ANSWER TO CLAIM 2 – FALSE DESIGNATION OF ORIGIN UNDER 15 U.S.C. § 1125(a)

44.     Defendants incorporate their responses above as if fully set forth herein.

45.     Denied.

46.     Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 46 of Plaintiff's Complaint, and therefore deny them.

47.     Defendants admit that Plaintiff sold barbecue sauce, rubs, and marinades under the mark STUBB'S prior to Defendant Stubb's Austin Restaurant Company, LC's use of the mark STUBB'S for restaurant services at Graceland Grocery. Defendants deny the remaining allegations in paragraph 47 of Plaintiff's Complaint.

48.     Denied.

49.     Denied.

50.     Denied.

51.     Denied.

**ANSWER TO CLAIM 3 – DILUTION OF A FAMOUS MARK UNDER TEX. BUS. & COM. CODE §§ 16.103 *et seq.***

52.     Defendants incorporate their responses above as if fully set forth herein.

53.     Denied.

54.     Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 54 of Plaintiff's Complaint, and therefore deny them.

55.     Denied.

56.     Denied.

57.     Denied.

**ANSWER TO CLAIM 4 – COMMON LAW TRADEMARK INFRINGEMENT**

58.     Defendants incorporate their responses above as if fully set forth herein.

59.     Denied.

60.     Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 60 of Plaintiff's Complaint, and therefore deny them.

61.     Defendants deny that Stubb's Austin Restaurant Company, LC's use of the mark STUBB'S for restaurant, catering, entertainment, and live music services is unauthorized. Defendants are without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in paragraph 61 of Plaintiff's Complaint, and therefore deny them.

62.     Denied.

63.     Denied.

## PRAYER FOR RELIEF

Defendants deny that Plaintiff is entitled to any of the relief or damages requested in the Prayer for Relief.

## DEMAND FOR JURY TRIAL

No response is necessary.

## AFFIRMATIVE DEFENSES

1.     Plaintiff's claims are barred by the doctrines of estoppel and/or acquiescence.

2.     Plaintiff's claims are barred by the doctrine of unclean hands.

3.     Defendants reserve the right to assert additional defenses as Plaintiff's claims are more fully disclosed during the course of this litigation.

## PRAYER

**WHEREFORE,** Defendants request judgment as follows:

1.     That Plaintiff take nothing by way of its Complaint, and that the Complaint be dismissed with prejudice;

2.     That Defendants recover their costs, including reasonable attorneys' fees, to the extent permitted by law; and

3.     For such other and further relief as this Court deems just and proper.

## COUNTERCLAIMS

Stubb's Austin Restaurant Company LC ("SARC"), by and through its attorneys, asserts the following counterclaims against One World Foods, Inc.:

### NATURE OF ACTION AND JURISDICTION

1.     This is a counterclaim for cancellation of trademark registrations and unfair competition under the Trademark Act of 1946, as amended, 15 U.S.C. § 1051 *et seq.* ("Lanham Act"); for a declaration of non-infringement under 28 U.S.C. § 2201 and TEX. CIV. PRAC. & REM. CODE ANN. § 37.001, *et seq.*; for trademark dilution under the Texas Business and Commerce Code; and for trademark infringement, unfair competition, and unjust enrichment under Texas common law.

2.     This Court has jurisdiction over SARC's counterclaim for cancellation of trademark registrations under Section 37 of the Lanham Act, 15 U.S.C. § 1119. Pursuant to Section 1119, this Court has the power in any action involving a registered trademark to determine the parties' right to registration, order the cancellation of registrations, and otherwise rectify the register of the United States Patent and Trademark Office ("USPTO").

3.     This Court has jurisdiction over SARC's counterclaims for trademark infringement, unfair competition, trademark dilution, and unjust enrichment pursuant to Sections 37 and 39 of the Lanham Act, 15 U.S.C. §§ 1119 and 1121, and Chapter 85 of the Judiciary and Judicial Procedure Code, 28 U.S.C. §§ 1331 and 1338, and has supplemental jurisdiction over the state law claims under 28 U.S.C. § 1367(a).

### PARTIES

4.     SARC is a Texas limited liability company having a principal place of business at 801 Red River Street, Austin, Texas 78701.

-10-

5.     On information and belief, One World Foods is a Delaware corporation having its principal place of business at 1219 West 6th Street, Austin, Texas 78703.

**BACKGROUND**

6.     In early 1996, One World Foods (doing business as Stubb's Legendary Kitchen) approved the formation of SARC, beginning a nearly two-decade, peaceful coexistence between the companies.

7.     Throughout the parties' coexistence, One World Foods (with its experience in the prepared-food industry) has used the mark STUBB'S for barbecue sauce, marinades, rubs, and related goods, while SARC (with its experience in the restaurant and entertainment businesses) has used the mark for restaurant, catering, entertainment, live music, and related services.

8.     At no point in 1996 or thereafter did One World Foods or anyone on its behalf limit SARC through a license agreement, oral or otherwise. Rather, each party's use has been without geographic limitation or control by the other party.

9.     Shortly after its formation, and in keeping with the parties' peaceful coexistence, SARC opened a restaurant and entertainment venue named "Stubb's Bar-B-Q" at 801 Red River Street in Austin, Texas. Since that time, SARC has continuously used the mark STUBB'S and various related marks, including the sign shown below, in connection with restaurant, catering, entertainment, and live music services, as well as related products, such as t-shirts, insulated beverage containers, aprons, and caps.



10.     The mark STUBB'S is inherently distinctive and serves to identify and indicate the source of SARC's restaurant, catering, entertainment, and live music services to the consuming public.

11.     Stubb's Bar-B-Q on Red River Street has developed a well-earned reputation throughout the world for both its incredible Texas barbecue and its award-winning live music.

12.     Today, Stubb's Bar-B-Q on Red River Street is known as one of the top music venues in the country. It was named the 5th "Best Big Room in America" and one of the "Most Popular Music Clubs in the U.S." in 2013 by Rolling Stone Magazine, and one of the "Best Concert Venue[s] in America" in 2013 by Complex Magazine. Over the past 10 years, it has hosted more than 600 acts, providing live music for more than 1,000,000 fans.

13.     Stubb's Bar-B-Q's popularity continues to attract all levels of acts, from up-and-coming artists to well-established headliners with legions of fans. Among the scores of acts that have played at Stubb's are famous artists like The Foo Fighters, Metallica, Lady Gaga, Gary Clarke Jr., Willie Nelson, Stevie Nicks, and The Black Crowes, to name just a few.

14.     The Facebook page for Stubb's Bar-B-Q on Red River Street is 'liked' by over 90,000 people, and nearly 225,000 people have visited. Representative printouts from SARC's Facebook page at https://www.facebook.com/StubbsAustin are attached hereto as **Exhibit A**.

15.     As a result of SARC's long use and promotion, the restaurant, catering, entertainment, and live music services offered under the mark STUBB'S have become distinctive to designate SARC, to distinguish SARC and its services from those of others, and to distinguish the source or origin of SARC's services. As a result of these efforts by SARC, the consuming public in Texas and throughout the United States widely recognizes and associates restaurant, catering, entertainment, and live music services offered under the mark STUBB'S with SARC.

16.     Also as a result of SARC's long use and promotion, SARC has acquired valuable common law rights in the mark STUBB'S for restaurant, catering, entertainment, and live music services.

17.     The mark STUBB'S is famous for restaurant, catering, entertainment, and live music services pursuant to TEX. BUS. & COM. CODE § 16.103.

18.     Consistent with the parties' peaceful coexistence, One World Foods holds itself out to the public as a purveyor of sauces, rubs, and marinades, *not* as an owner or operator of restaurants or music venues.

19.     For instance, One World Foods' Facebook page is titled "Stubb's BBQ Sauce"—*not* "Stubb's Restaurant" or "Stubb's Live Music"—and its offerings are listed as "sauces, rubs, and marinades"—*not* restaurants or live music. Representative printouts from One World Foods' Facebook page at https://www.facebook.com/stubbsbbqsauce are attached hereto as **Exhibit B**.

20.     Similarly, One World Foods' website has a tab suggesting that Stubb's Bar-B-Q on Red River Street is entirely separate from One World Foods, asking "Looking for Stubb's Restaurant?" and hyperlinking to *SARC's* website. A representative printout of the cover page of One World Foods' website at http://www.stubbsbbq.com is attached hereto as **Exhibit C**.

21.     Also consistent with the parties' peaceful coexistence, between 1996 and 2014, SARC expanded its use of the mark STUBB'S without objection and with One World Foods' encouragement.

22.     For instance, in 2001, SARC registered http://www.stubbsaustin.com, promoting its restaurant, catering, entertainment, and live music services throughout the United States. Twelve years later, SARC began offering restaurant services under the mark STUBB'S at a new Austin, Texas location, the Mean Eyed Cat. One World Foods had actual knowledge of SARC's expanding use of the STUBB'S mark, and at no point did One World Foods object to those uses of the mark.

23.     In addition, since 1996 and continuing until the present time, One World Foods has not exercised or attempted to exercise control over the restaurant, catering, entertainment, and live music services offered by SARC under the mark STUBB'S.

24.     In contrast to SARC's open and honest expansion with One World Foods' knowledge and encouragement, One World Foods—unbeknownst to SARC—filed numerous trademark applications for the mark STUBB'S in SARC's permitted field during this time period (e.g., restaurant, catering, entertainment, live music, and related services).

25.     Several of One World Foods' trademark applications were supported by specimens showing *SARC's* use of the mark at 801 Red River Street in Austin, Texas. A representative example is shown directly below:



26.     SARC was not aware of and did not approve One World Foods' use of specimens showing SARC's use of the mark to support One World Foods' trademark applications.

27.     Further, in support of each application, One World Foods fraudulently declared (under penalty that "false statements may jeopardize the validity of the application or resulting registration") that "no other person, firm, corporation, or association other than specified in the application (if any) has the right to use the above identified mark in commerce, either in the identical form or in such near resemblance thereto as may be likely, when applied to the goods/services of such other person, to cause confusion, or to cause mistake, or to deceive."

28.     One World Foods is also using in commerce SARC's well-known Stubb's Bar-B-Q signage (shown in paragraph 9 of the Counterclaims above) on its barbecue sauce labels. A representative example of the label is shown directly below (upper-left portion of the label):



29.     One World Foods' unauthorized use of SARC's Stubb's Bar-B-Q signage is likely to cause confusion, to cause mistake, or to deceive customers and potential customers of the parties, at least as to some affiliation, connection, or association of One World Foods with SARC, or as to the origin, sponsorship, or approval of One World Foods' products by SARC.

30.     One World Foods' unauthorized use of SARC's Stubb's Bar-B-Q signage falsely designates the origin of its goods and falsely and misleadingly describes and represents facts with respect to One World Foods and its goods.

31.     One World Foods' unauthorized use of SARC's Stubb's Bar-B-Q signage enables One World Foods to trade on and receive the benefit of goodwill built up at great labor and expense by SARC over many years, and to gain acceptance for its goods not solely on its own merits, but on the reputation and goodwill of SARC and its restaurant, catering, entertainment, and live music services offered under the mark STUBB'S.

32.     One World Foods' unauthorized use of SARC's Stubb's Bar-B-Q signage is likely to dilute the famous STUBB'S mark.

33.     One World Foods' unauthorized use of SARC's Stubb's Bar-B-Q signage unjustly enriches One World Foods at SARC's expense. One World Foods has been and continues to be unjustly enriched by obtaining a benefit from SARC by taking undue advantage of SARC and its goodwill. Specifically, One World Foods has taken undue advantage of SARC by trading on and profiting from the goodwill in the Stubb's Bar-B-Q signage owned by SARC, resulting in One World Foods wrongfully obtaining a monetary and reputational benefit for its own business.

34.     One World Foods' unauthorized use of SARC's Stubb's Bar-B-Q signage removes from SARC the ability to control the nature and quality of the restaurant, catering,

entertainment, and live music services provided under the mark STUBB'S, and places the valuable reputation and goodwill of SARC in the hands of One World Foods, over whom SARC has no control.

35.     Unless these acts of One World Foods are restrained by this Court, they will continue, and they will continue to cause irreparable injury to SARC and to the public for which there is no adequate remedy at law.

### COUNTERCLAIM I: CANCELLATION OF TRADEMARK REGISTRATIONS

36.     SARC incorporates its allegations above as if fully set forth herein.

37.     One World Foods does not use or have the right to use the mark STUBB'S for restaurant, catering, entertainment, live music, and related services, and did not use or have the right to use the mark for such services at the time it filed its applications and specimens for the mark.

38.     SARC has a present and prospective right to use the mark STUBB'S for restaurant, catering, entertainment, live music, and related services, and is damaged by the existence of U.S. Reg. Nos. 3,122,375 (Class 43 only), 3,576,100, 3,960,287, 4,077,441, and 4,099,333 in that such registrations have been asserted against it.

39.     Because One World Foods does not use or have the right to use the mark STUBB'S for restaurant, catering, entertainment, live music, or related services, and did not use or have the right to use the mark at the time of filing its applications and specimens, U.S. Reg. Nos. 3,122,375 (Class 43 only), 3,576,100, 3,960,287, 4,077,441, and 4,099,333 should not have been issued and should be cancelled pursuant to 15 U.S.C. § 1064(3).

### COUNTERCLAIM II: DECLARATION OF NON-INFRINGEMENT

40.     SARC incorporates its allegations above as if fully set forth herein.

41.     In early 1996, One World Foods approved the formation of SARC and permitted the company to use the mark STUBB'S for restaurant, catering, entertainment, and live music services without geographic limitation. Thus, as a matter of law, SARC's use of the mark STUBB'S for such services cannot infringe any valid trademark rights that may be owned by One World Foods.

42.     Pursuant to 28 U.S.C. § 2201 and TEX. CIV. PRAC. & REM. CODE § 37.001, *et seq.*, SARC seeks a declaration of non-infringement so that there will be no controversy clouding its right to use the mark STUBB'S for restaurant, catering, entertainment, live music, and related services without geographic limitation.

## COUNTERCLAIM III: FEDERAL UNFAIR COMPETITION

43.     SARC incorporates its allegations above as if fully set forth herein.

44.     The acts of One World Foods complained of herein constitute unfair competition in violation of Section 43(a) of the Lanham Act, 15 U.S.C. § 1125(a).

## COUNTERCLAIM IV: COMMON LAW TRADEMARK INFRINGEMENT

45.     SARC incorporates its allegations above as if fully set forth herein.

46.     The acts of One World Foods complained of herein constitute trademark infringement in violation of the common law of the State of Texas.

## COUNTERCLAIM V: COMMON LAW UNFAIR COMPETITION

47.     SARC incorporates its allegations above as if fully set forth herein.

48.     The acts of One World Foods complained of herein constitute unfair competition in violation of the common law of the State of Texas.

## COUNTERCLAIM VI: DILUTION UNDER TEXAS LAW

49.     SARC incorporates its allegations above as if fully set forth herein.

50.     The acts of One World Foods complained of herein constitute dilution by blurring of SARC's famous mark STUBB'S in violation of Texas Business and Commerce Code § 16.103.

### COUNTERCLAIM VII: UNJUST ENRICHMENT

51.     SARC incorporates its allegations above as if fully set forth herein.

52.     The acts of One World Foods complained of herein constitute unjust enrichment of One World Foods at the expense of SARC.

### PRAYER

**WHEREFORE,** SARC prays that:

a)     This Court determine that One World Foods is not entitled to registration of the mark STUBB'S for restaurant, catering, entertainment, live music, and related services, and enter an order pursuant to 15 U.S.C. § 1119, certified to the USPTO, directing that U.S. Reg. Nos. 3,576,100, 3,960,287, 4,077,441, and 4,099,333 be cancelled and that U.S. Reg. No. 3,122,375 be partially cancelled as to Class 43;

b)     This Court enter a judgment declaring that SARC's use of the mark STUBB'S for restaurant, catering, entertainment, live music, and related services has not and does not infringe One World Foods' trademark rights;

c)     One World Foods, its officers, agents, servants, employees, and attorneys, and other persons who are in active concert or participation with any of them, be permanently enjoined and restrained from using the Stubb's Bar-B-Q signage shown in paragraphs 9 and 24 of the Counterclaims, the mark STUBB'S or any confusingly similar mark for restaurant, catering, entertainment, live music, and related services, and from any attempt to retain any part of the goodwill misappropriated from SARC;

d)      One World Foods, its officers, agents, servants, employees, and attorneys, and other persons who are in active concert or participation with any of them, be required to deliver up and destroy all labels, signage, advertisements, Internet postings and advertisements, and any other materials bearing or using the Stubb's Bar-B-Q signage shown in paragraphs 10 and 24 of the Counterclaims;

e)      One World Foods be ordered to file with this Court and to serve upon SARC, within thirty (30) days after the entry and service on One World Foods of an injunction, a report in writing and under oath setting forth in detail the manner and form in which One World Foods has complied with the injunction;

f)      SARC recover all damages it has sustained as a result of One World Foods' infringement, dilution, unfair competition, unjust enrichment, and that said damages be trebled;

g)      An accounting be directed to determine One World Foods' profits resulting from One World Foods' activities, and that such profits be paid over to SARC, increased as the Court finds to be just under the circumstances of this case;

h)      SARC recover its reasonable attorneys' fees under 15 U.S.C. § 1117 and TEX. CIV. PRAC. & REM. CODE ANN. § 37.009;

i)      SARC recover the costs of this action and pre- and post-judgment interest; and

j)      SARC recover such other relief as the Court may deem appropriate.

## **JURY DEMAND**

SARC demands a jury trial in accordance with Federal Rule of Civil Procedure 38(b).

Respectfully Submitted,

ASHCROFT SUTTON REYES, LLC                PIRKEY BARBER PLLC

*/s/ Johnny Sutton*                       */s/ Louis T. Pirkey*
JOHNNY SUTTON                             LOUIS T. PIRKEY
Texas State Bar No. 19534250             Texas State Bar No. 16033000
LUIS A. REYES                             JERED E. MATTHYSSE
Texas State Bar No. 9001831              Texas State Bar No. 24072226
CHRISTOPHER L. PEELE                      600 Congress Avenue, Suite 2121
Texas State Bar No. 24013308             Austin, Texas  78701
919 Congress Avenue, Suite 1500          Phone: (512) 322.5200
Austin, Texas  78701                      Fax: (512) 322.5201
Telephone:  (512) 370-1800               E-Mail: lpirkey@pirkeybarber.com
Facsimile:  (512) 397-3203                        jmatthysse@pirkeybarber.com
E-Mail: justton@ashcroftlawfirm.com
        lreyes@ashcroftlawfirm.com
        cpeele@ashcroftlawfirm.com

<u>CERTIFICATE OF SERVICE</u>

I hereby certify that on the 19th<sup>th</sup> day of January, 2016, I electronically filed the foregoing with the Clerk of Court using the CM/ECF system which will send notification of such filing to all counsel of record who are properly registered with the CM/ECF system.

*/s/ Christopher L. Peele*
Texas Bar No. 24013308
Attorney for Defendants