IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

| | | |
|---|---|---|
| ONE WORLD FOODS, INC., | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | CIVIL ACTION NO. 1:15-cv-01071-SS |
| | § | |
| STUBB'S AUSTIN RESTAURANT | § | |
| COMPANY LC, FBR MANAGEMENT, | § | |
| LLC, MIKE FARR, MATT LUCKIE, and | § | |
| JEFF WAUGHTAL, | § | |
| | § | |
| Defendants. | § | |

## DEFENDANTS' MOTION TO COMPEL PRODUCTION OF UNREDACTED STOCK PURCHASE AGREEMENT

Defendants Stubb's Austin Restaurant Company LC, FBR Management, LLC, Mike Farr, Matt Luckie, and Jeff Waughtal (collectively, "Defendants'"), by and through their attorneys, hereby move the Court to compel One World Foods, Inc. ("OWF") to produce an un-redacted copy of the Stock Purchase Agreement ("SPA") by which OWF was sold to McCormick & Company ("McCormick"). In support of this motion, Defendants have filed under seal a Brief in Support of the Motion to Compel, as well as three Exhibits to the Brief. Defendants hereby incorporate the arguments and authorities of the Brief, as well as the exhibits, as if set forth fully herein.

## RELEVANT FACTUAL BACKGROUND

SARC was formed in 1996 by a group of investors. OWF[1] was already in existence at the time. From 1996 through today, OWF and SARC have both used the STUBB'S marks which form the basis of this suit.

In the spring of 2015, OWF put itself up for sale and McCormick, a Fortune 1000 company, offered to buy OWF for approximately $100 million. With the terms of that deal substantially done, and just weeks prior to the execution of the SPA, representatives of OWF and McCormick approached SARC, offering SARC $7 million if SARC would agree: (a) that OWF owned all rights in the STUBB'S mark while SARC owned no rights in the STUBB'S mark, and (b) to enter into a written license agreement with OWF for use of the STUBB'S mark. SARC did not believe the terms of the offer were accurate or favorable to SARC, and terminated the negotiations. McCormick decided to proceed with its purchase of OWF anyway, and the transaction was memorialized in a Stock Purchase Agreement between OWF and McCormick dated June 23, 2013 (the "SPA").

In the fall of 2015, representatives of McCormick (now the 100% owner of OWF) approached SARC and offered to pay SARC $1 million in return for SARC disclaiming any rights in the STUBB'S mark and taking a license from OWF. But before SARC could respond to OWF's latest term sheet, OWF filed this trademark infringement suit against Defendants.

Beginning with their first set of discovery requests served on OWF on April 22, 2016, Defendants have sought a copy of the SPA.[2] Finally, on July 29, 2016, after three months of

---

[1] For purposes of this motion only, Defendants refer to OWF and its alleged predecessors-in-interest, East Broadway Q Corp. and SWAMCO, as OWF, unless otherwise noted herein. Defendants expressly do not admit or agree that OWF obtained any trademarks rights from either entity (or any other entity or person). There appear to be multiple inconsistencies in the alleged chain of ownership of the STUBB'S marks, which SARC intends to explore in further discovery.

[2] Defendants' Request for Production No. 47 requested the production of "Documents concerning McCormick & Co.'s purchase of Plaintiff, including but not limited to the rights purchased by McCormick & Co., negotiations

requesting the SPA[3], OWF produced a heavily redacted copy of the SPA. Counsel for Defendants conferred with counsel for OWF to determine OWF's claimed bases for the redactions. Counsel for OWF indicated that there were two main reasons for the vast majority of the redactions – confidentiality and privacy, as well as general relevancy objection. In addition to these blanket concerns, OWF specifically redacted two exhibits to the SPA based on a claim that those two exhibits are privileged attorney-client communications.

## CONCLUSION

Defendants have properly requested a relevant, non-privileged document from OWF. OWF produced a heavily redacted version that denies Defendants and their attorneys access to relevant and important information in this case. Any claimed concern OWF has for allegedly sensitive, confidential, or private information in the SPA can be addressed by marking the SPA with the appropriate Classified Information designation under the Protective Order entered by the Court in this case. Further, any claims of attorney-client privilege for the two memoranda contained within the SPA were waived both explicitly and implicitly when those memoranda were disclosed to McCormick through the SPA and when the opinions of OWF's counsel were made the basis for OWF's suit against Defendants.

## CERTIFICATE OF CONFERENCE

I hereby certify that on the 26th day of August, 2016, I spoke with Ms. Jennifer Taylor, counsel for OWF, by phone and asked if OWF was opposed to the relief requested in this motion. She stated she would discuss this request with her client and let me know if they were opposed by

---

between McCormick & Co. and Plaintiff, each offer made by McCormick & Co. and Plaintiff, and the purchase agreement."

[3] Defendants patiently asked for the SPA on at least seven separate occasions by email, letter and phone calls, between June 16 and July 19, 2016. Because Defendants do not expect that the Court will want to review these

Tuesday, August 30, 2016.  I agreed that I would wait until 5pm CST that day for her response, and that if I received no response, I would file this motion.  At 5:45 CST on August 30, 2016, Ms. Joyce Liou, also counsel for OWF, emailed me and stated at OWF was still "considering" my request.  As OWF did not unequivocally respond affirmatively or negatively by the time agreed upon by the parties, I indicated to Ms. Liou that I would proceed to file the motion.

*/s/ Christopher L. Peele*
Christopher L. Peele, Bar No. 24013308
Attorney for Defendants

## **PRAYER**

**WHEREFORE,** Defendants request the following relief:

1.     That Plaintiff be compelled to produce an unredacted copy of the SPA to the defendants within two business days of the Court's order on this motion;

2.     That Plaintiff also be compelled to produce, within seven business days of this order, un-redacted drafts of the SPA and other documents or communications related to the SPA, to the extent they do not present a good faith basis for redaction that is separate from the grounds claimed by OWF with respect to the SPA.

3.     That, to the extent permitted by law, Defendants recover their costs, including reasonable attorneys' fees, incurred in drafting, filing, and prosecuting this motion; and

4.     For such other and further relief as this Court deems just and proper.

---

communications, Defendants have not attached copies of the letters and emails to this pleading.  Should OWF dispute Defendants' assertions as to their efforts, Defendants will supplement the record with any relevant documents.

Respectfully Submitted,

| ASHCROFT SUTTON REYES, LLC | PIRKEY BARBER PLLC |
|---|---|
| */s/ Johnny Sutton* | */s/ Louis T. Pirkey* |
| JOHNNY SUTTON | LOUIS T. PIRKEY |
| Texas State Bar No. 19534250 | Texas State Bar No. 16033000 |
| LUIS A. REYES | JERED E. MATTHYSSE |
| Texas State Bar No. 9001831 | Texas State Bar No. 24072226 |
| CHRISTOPHER L. PEELE | 600 Congress Avenue, Suite 2121 |
| Texas State Bar No. 24013308 | Austin, Texas  78701 |
| 919 Congress Avenue, Suite 1500 | Phone: (512) 322.5200 |
| Austin, Texas  78701 | Fax: (512) 322.5201 |
| Telephone:  (512) 370-1800 | E-Mail: lpirkey@pirkeybarber.com |
| Facsimile:  (512) 397-3203 |             jmatthysse@pirkeybarber.com |
| E-Mail: justton@ashcroftlawfirm.com | |
|             lreyes@ashcroftlawfirm.com | |
|             cpeele@ashcroftlawfirm.com | |

**ATTORNEYS FOR DEFENDANTS**

## CERTIFICATE OF SERVICE

I hereby certify that on the 30th day of August, 2016, I electronically filed the foregoing with the Clerk of Court using the CM/ECF system, which will serve all counsel of record who are properly registered with the CM/ECF system.

*/s/ Christopher L. Peele*
Christopher L. Peele, Bar No. 24013308
Attorney for Defendants